UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION

1:15-bk-13526

IN RE

Brandy Renee Gordon                Case No:

                                   Chapter 13

## CHAPTER 13 PLAN

**1. Payments and Term:**
The debtor will pay the Chapter 13 Trustee **$162.00 Bi-Weekly** by wage order and the following additional monies: tax refunds less credits beginning 2015.

**2. Priority Claims (including administrative expenses).**
- a.  All administrative expenses under 11 U.S.C § 503 (b) & 1326 will be paid in full, including fees to the debtor's attorney in the amount of **$2750 less $0** previously paid by the debtors.
- a.  Except as provided in Paragraph 6 below, claims entitled to priority under 11 U.S.C. § 507 will be paid in full in deferred cash payments, with tax claims paid as priority, secured, or unsecured in accordance with the filed claim.
- b.  All allowed priority claims shall accrue no interest after the filing date of this petition. In the event any of these claims are not discharged upon the completion of this plan, the balance due upon completion shall be the unpaid balance with no accrued interest. Interest will only begin accruing on the unpaid balance (if any) after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon the completion of the plan.

**3. Secured Claims.**
- (a) *Cramdowns*. The holders of the following allowed secured claims retain the liens securing such claims until the earlier of the two events set forth in 11 U.S.C. § 1325(a)(5)(B)(i)(I) and will be paid by the trustee the value of the security in the manner specified below. The portion of any allowed claim that exceeds the value will be treated as an unsecured claim under paragraph 4(a) below. The failure of a secured creditor listed below to timely object to the proposed treat for its secured claim and its unsecured claim shall be deemed an acceptance of the plan terms as provided for in 11 U.S.C. § 1325(a)(5).

| Creditor | Collateral | Value | Monthly Payment | Interest Rate |
|---|---|---|---|---|
| Miller Auto Sales | 2001 Pontiac | In Full | $50.00 | 6% |

- (b) *Surrender*. The debtor will surrender the following collateral and the creditor will have an allowed deficiency claim which will be paid as unsecured under paragraph 4 (a) below.

- (c) *Long Term Mortgages*. (Including mortgages, doublewide mobile homes, singlewide mobile homes, and modular homes). The holders of the following mortgage claims and nonmortgage claims will retain their liens and will be paid monthly maintenance payments which will extend beyond the life of the plan. Any arrearage amount set forth below is an estimate; arrearage claims will be paid in full in the amount in the filed claim, absent an objection. The amount of any maintenance payment to be paid pursuant to 11 U.S.C. § 1325(b)(5), is fixed herein for the term of the plan (subject to adjustments for escrow) and is binding upon all parties. Increases in the monthly maintenance payments during the life of the plan will be paid by the indicated payer. The secured creditor must advise of the need for monthly chance promptly. The creditor requesting an increase in the monthly maintenance payment shall not include any amounts that should be part of an arrearage claim as part of the proposed maintenance payment. Pursuant to 11 U.S.C. § 1325(b)(3), and (10), all maintenance payments shall be deemed current upon conclusion of the case or discharge, and all post-petition defaults are waived. No late charges shall accrue on any secured claim which is maintained in the plan or during the case pursuant to §1322(b)(5). Pursuant to 11 U.S.C. §1322(b)(3), any secured creditor that fails to file a claim waives any default or charges resulting from non-payment.

| Creditor | Estimated Arrearage | Arrearage Int. Rate | Arrearage Payment | Maintenance Payment | Payments by Trustee/Debtor |
|---|---|---|---|---|---|

(d)     *Denovo Review.* Notwithstanding any provision of this plan the secured status and classification of any purported secured claim are subject to *de novo* review on the request of any party in interest made within 90 days following the filing of the claim or the expiration of the deadline for filing proofs of claim, whichever comes later.    1:15-bk-13526

4. **Unsecured Claims**
   (a)    *Nonpriority.* Except as provided in subparagraph (b) and in paragraph 6 below, allowed non-priority unsecured claims will be paid:

   **Pro Rata for a minimum of 60 months**

   _____% or _____ months, whichever is greater.

   (b)    *Post Petition.* Claims allowed under 11 U.S.C. 1305 will be paid in full if all other unsecured claims have been paid.

   (c)    All allowed non-priority unsecured claims shall accrue no interest after the filing of the petition. In the event any of these claims are not discharged upon the completion of the plan, the balance due upon completion of the plan shall be the unpaid balance (if any) with no accrued interest. Interest will only begin accruing on the unpaid balance, if any, after the completion of the plan. If the claim is paid in full in the plan the debt shall be deemed satisfied in full upon completion of the plan.

5. **Executory Contracts and Unexpired Leases.** Except the following which are assumed, all executory contracts and unexpired leases are rejected. With claims arising from the rejection to be paid as unsecured as provided in paragraph 4(a) above:

6. **Special Provisions.** *(Such as cosigned debts, debts paid by third party, student loans, special priority debts)*

   **Student Loans currently in deferment will be paid directly by debtor when they become due.**

Date:    August 13, 2015

                           */s/Brandy Renee Gordon*
                           **Brandy Renee Gordon**

**Prepared by:**

*/s/ Millard W. Ramsey, Jr.*
Millard W. Ramsey, Jr.  GA  241411
203 Chickamauga Avenue
Rossville, GA  30741
(706) 841-2220
(706) 841-2221 (facsimile)